UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

In re:
JOSPEH GIORGIANNI,                        Case No. 11-30202-RTL
                                                       Chapter 7
Debtor                                           **OPPOSITION TO ORDER
TO SHOW CAUSE**

**MEMORANDUM OF LAW**

Debtor submits his Opposition to Order to Show Cause for failure to have received credit counseling within six months of filing his petition. Debtor completed credit counseling on November 3, 2011. The originating law firm in Florida completed Debtor's petition in April 2011 but did not have Debtor sign the petition until May 13, 2011. The petition without a credit counseling certificate was then later transmitted to local counsel for filing and representation at the 341 meeting. Local counsel then filed debtor's petition on or about July 5, 2011 without knowledge that the credit counseling certificate was beyond the statutory 180-day period. Upon learning that the certificate was untimely, local counsel immediately had Debtor update his credit counseling on July 11, 2011. At all times, Debtor was fully apprised of his options to Chapter 7 bankruptcy but still desired the relief afforded under bankruptcy laws. Debtor had no control over the transmission and filing of his petition as he retained counsel to do so. Consequently, debtor should not be denied Chapter 7 relief due to law office error as held in In re Nichols, 362 B.R. 88 (Bankr. S.D.N.Y. 2007).

In Nichols, the two cases involved joint debtors and an individual debtor who relied upon counsel to navigate them through the Chapter 7 process. Id. at 91. In the first case, counsel used outdated forms and did not indicate whether the debtors had undergone credit counseling 180 days prior to filing their petition. Id. Counsel failed to file a motion to extend time but debtors

did receive credit counseling on the same day as their amended petition. Id. In the second case, counsel moved to extend time for credit counseling but neglected to sign the motion papers. Id. The court denied debtor's motion solely because the motion papers were unsigned. Id. Counsel then filed an amended motion with her signature but the court for unknown reasons did not grant the waiver. Id. The debtor later filed proof of credit counseling. Id. at 91-92. In both cases, the U.S. Trustee moved to dismiss the cases for failure to comply with 11 U.S.C. Section 109(h). Id. at 91, 92.

In its decision, the court relied upon the six criteria of "totality of the circumstances" established in Hess as follows:

> 1. Whether the debtor filed the case in good faith.
> 2. Whether the debtor took all reasonable steps to comply with the statutory requirements.
> 3. Whether the debtor's failure to comply was the result of circumstances that were both extraordinary and beyond the control of the debtor.
> 4. Whether the debtor's conduct meets the minimum requirements of 11 U.S.C. Section 109(h).
> 5. Whether any party would be prejudiced by allowing the case to proceed.
> 6. Whether there are any unique equitable factors that tip the balance in one direction or the other.

Id. at 94 (citing In re Michael Hess, 347 B.R. 489, 498 (Bankr. D. Vt. 2006).

For the joint debtors, the court held they had satisfied the Hess criteria of filing in good faith, taking reasonable steps to meet the statutory requirements, and not prejudicing any party. Id. at 94. The fact that counsel erred in interpretation of the law was not within debtors' control and, consequently, they should not be denied relief. Id. at 95.

Similarly for the individual debtor, the court ruled that the debtor also satisfied the Hess criteria and should not be penalized for counsel's error that was beyond her control. Id. at 95. The debtor immediately obtained the prerequisite counseling when it was brought to her attention. Id. Counsel had signed the motion papers but electronically filed the unsigned copy instead. Id.

Moreover, the debtor's counsel had believed the court would grant the amended motion once a signed version had been electronically filed. Id.

In its analysis, the Court stated "many debtors seek bankruptcy relief to avoid irreparable harm." Id. at 96. When dismissal of a bankruptcy case will irreparably harm debtors, the result would be unjust because it arose "from attorney error that has not resulted in harm to any other party in interest." Id. at 96.

In the case at bar, the Debtor has satisfied all prongs of the Hess criteria. He had the prerequisite counseling in November 2010, filed his petition in good faith, and did not prejudice any party. The filing of his petition without a current credit counseling certificate was law office failure he could not control. When notified of the outdated certificate, Debtor responded immediately and underwent credit counseling a second time. Therefore, based upon the holding of Nichols, we respectfully request that entry of the order to dismiss Debtor's petition is denied as Debtor will be irreparably harmed if his petition is dismissed for law office error.

Dated: August 2, 2011

 /s/Suzanne M. Carter, Esq.

Suzanne M. Carter
Local Attorney for Debtor
Law Offices of Suzanne M. Carter
8421 Bergenline Ave
North Bergen, NJ 07047

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Agenda was

served via upon the Bankruptcy Court ECF and the Trustee via fax.

Dated: August 2, 2011
 /s/Suzanne M. Carter, Esq.